IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AMY MEIXL BRADBERY, Individually & § <br> On Behalf of All Others Similarly Situated, § <br> § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> UNITED SERVICES AUTOMOBILE § <br> ASSOCIATION & USAA CASUALTY § <br> INSURANCE COMPANY, § <br> § <br> Defendants. § | CIVIL ACTION NO. 2:21-CV-230 |

### *PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT*

***TO THE HONORABLE UNITED STATES DISTRICT JUDGE:***

**COMES NOW, AMY MEIXL BRADBERY** and files this, her Original Class Action Complaint, and in support thereof would respectfully show unto the Court as follows:

*I.*

### *PARTIES*

1. ***AMY MEIXL BRADBERY*** is an individual residing in the Eastern District of Texas.

2. ***UNITED SERVICES AUTOMOBILE ASSOCIATION*** is Texas property & casualty insurance company with its principal place of business in San Antonio, Texas. It may be served through its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

3. ***USAA CASUALTY INSURANCE COMPANY*** is Texas property & casualty insurance company with its principal place of business in San Antonio, Texas. It may be served through its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

4. ***UNITED SERVICES AUTOMOBILE ASSOCIATION*** and ***USAA CASUALTY INSURANCE COMPANY*** are members of the United Services Automobile Association Group. They are jointly managed and controlled by the members of ***USAA's*** Executive Council including its President and Chief Executive Officer, Wayne Peacock.

## *II.*

## ***JURISDICTION & VENUE***

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) (West 2021) in that minimal diversity of citizenship exists between the Plaintiff Class and Defendants and the amount in controversy exceeds $5,000,000.00.

6. Venue is proper in this Court in that all or a substantial portion of the facts giving rise to Plaintiff's claims occurred in the Eastern District of Texas. Specifically, the accident made the basis of this suit, the issuance of the policy in question and the violation of the agreement all occurred in the Eastern District of Texas.

## III.

## NATURE OF SUIT

7. This is a suit alleging breach of contract and violations of the Texas Insurance Code brought by **BRADBERY** to recover statutory penalties and reasonable attorney's fees owed to her and the many other insureds to whom **UNITED SERVICES AUTOMOBILE ASSOCIATION** and **USAA CASUALTY INSURANCE COMPANY** (collectively, "**USAA**") failed timely to accept/reject and/or pay first party claims including those for personal injury protection benefits.

## IV.

## LEGAL BACKGROUND

8. The Texas Insurance Code (the "Code") expressly provides that "*not later than the 15th day . . . after the date an insurer receives notice of a claim, the insurer shall acknowledge receipt of the claim, commence any investigation of the claim and request from the claimant all items, statements and forms that the insurer reasonably believes, at that time, will be required from the claimant.*" TEX. INS. CODE § 542.055(a) (West 2021).

9. The Code likewise requires an insurer to "*notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements and forms required by the insurer to secure final proof of loss.*" *Id.* at § 542.056(a).

10. The Code further specifically provides that "*[i]f an insurer, after receiving all items, statements and forms reasonably requested and required, delays payment of a claim **for a period exceeding the period specified by other applicable statutes** or, if other statutes do not specify a period, for more than sixty (60) days, the insurer shall pay damages and other items as provided by Texas Insurance Code § 542.060.*"  *Id.* at § 542.058 (emphasis added).

11. According to the express terms of § 542.060, an insurer which violates any of the foregoing strictures is "*liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages together with reasonable and necessary attorney's fees.*"  *Id.* at § 542.060.

12. The damages to be awarded under § 542.060 of the Code are expressly "**not exclusive**" and are "*in addition to any other remedy or procedure provided by law or at common law*."  *Id.* at § 542.061 (emphasis added).

13. With regard to personal injury protection coverage in particular, § 1952 of the Code requires an insurer to pay benefits "*periodically as claims for those benefits arise **but not later than the thirtieth (30) day after the insurer receives satisfactory proof of a claim**.*"  *Id.* at § 1952.156(a)(emphasis added).

14. Section 1952.157 further provides that in the event an insurer "*fails to pay [personal injury protection benefits] when due, the person entitled to those benefits may bring an action in contract to recover the benefits.*"  *Id.* at § 1952.157.

15. If an insurer is required to pay past due personal injury protection benefits, § 1952.157 dictates that "*the person entitled to those benefits is entitled to recover reasonable attorney's fees, a penalty of 12% and interest at the legal rate from the date those amounts became overdue.*" *Id.* at § 1952.157.

## V.

## FACTUAL BACKGROUND

16. On March 1, 2021, in Rusk County, Texas, **BRADBERY** sustained bodily injuries in an automobile accident (the "Accident").

17. At the time of the Accident, **BRADBERY** was insured by a policy of automobile liability insurance issued by **USAA CASUALTY INSURANCE COMPANY** (the "Policy").

18. The Policy included personal injury protection coverage of $2,500.00 for **BRADBERY**, the members of her family and all occupants of her insured vehicle.

19. On March 3, 2021, **BRADBERY** filed a claim demanding payment of the Policy's $2,500.00 of personal injury protection benefits (the "Claim").

20. On March 30, 2021, **BRADBERY** provided **USAA** with satisfactory proof of the Claim including medical bills in the amount of $11,343.41 along with supporting medical records.

21. **USAA** received the Claim and supporting documentation on March 30, 2021.

22. Because it received all items, statements and forms required to secure final proof of loss on March 30, 2021, the Code required **USAA** to accept or reject the Claim not later than April 20, 2021. *Cf.* TEX. INS. CODE at § 542.056(a).

23. Because it received satisfactory proof of the Claim on March 30, 2021, the Code required *USAA* to pay the Claim not later than April 30, 2021. *Cf.* TEX. INS. CODE at §§ 542.058, 1952.156(a).

24. *USAA* did not accept or reject the Claim on or before April 20, 2021.

25. *USAA* did not pay the Claim on or before April 30, 2021.

26. On June 10, 2021, *USAA* accepted $1,400.00 of *BRADBERY's* $11,343.41 claim for benefits.

27. On June 10, 2021, *USAA* rejected the $1,100.00 balance of the Claim.

28. Conceding that its June 10, 2021 payment was forty-one (41) days beyond the thirty (30) day deadline imposed by § 1942.157, *USAA* tendered a statutory penalty of 12% of the benefits paid in the amount of $168.00.

29. *USAA* also tendered 5% interest on the $168.00 penalty for forty-one (41) days in the amount of $7.86.

30. Even though its own calculations established that it did not accept or reject the Claim within the time prescribed by § 542.056(a), *USAA* did not pay *BRADBERY* the interest of 18% *per annum* as required by Texas Insurance Code § 542.060.

31. Likewise, even though its own calculations established that it did not pay the Claim within the time prescribed by § 1942.157, *USAA* did not pay *BRADBERY* the interest of 18% *per annum* as required by Texas Insurance Code § 542.060.

## VI.

## CAUSES OF ACTION

### A.

### BREACH OF CONTRACT

32. ***BRADBERY*** would show the Court that ***USAA*** failed to comply with the agreement contained in the Policy including the provisions of the Texas Insurance Code incorporated therein.

33. More specifically, the Policy and the Code required ***USAA*** to accept or reject the Claim within fifteen (15) business days of its receipt of all items, statements and forms required to secure final proof of loss.

34. Likewise, the Policy and the Code required ***USAA*** to pay personal injury protection benefits within thirty (30) days of its receipt of satisfactory proof of a claim.

35. ***USAA*** received satisfactory proof of the Claim on March 30, 2021.

36. The Policy and the Code required ***USAA*** to accept or reject the Claim not later than April 20, 2021.

37. The Policy and the Code required ***USAA*** to pay the Claim not later than April 30, 2021.

38. ***USAA*** did not accept or reject the Claim until June 10, 2021.

39. ***USAA*** did not pay the accepted portion of the Claim until June 10, 2021.

40. ***USAA*** refused to pay the $1,110.00 balance of the Claim.

## B.

## TEXAS INSURANCE CODE VIOLATIONS

41. Similarly, **BRADBERY** would show the Court that the conduct of **USAA** described above violates the Texas Insurance Code.

42. More specifically, the Code required **USAA** to accept or reject the Claim within fifteen (15) business days of its receipt of all items, statements and forms required to secure final proof of loss.

43. Likewise, the Code required **USAA** to pay the Claim within thirty (30) days of its receipt of satisfactory proof.

44. **USAA** received satisfactory proof of the Claim on March 30, 2021.

45. The Code required **USAA** to accept or reject the Claim not later than April 20, 2021.

46. The Policy and the Code required **USAA** to pay the Claim not later than April 30, 2021.

47. **USAA** did not accept or reject the Claim until June 10, 2021.

48. **USAA** did not pay the accepted portion of the Claim until June 10, 2021.

49. **USAA** refused to pay the $1,110.00 balance of the Claim.

50. **USAA** did not pay the 18% interest imposed by § 542.060 of the Code.

51. **USAA** did not pay the attorney's fees imposed by § 1942.157 of the Code.

## VII.

## CLASS ACTION ALLEGATIONS

### A.

### THE PROPOSED CLASS

52. The Class which **BRADBERY** seeks to represent is composed of (1) all persons to whom **USAA** paid Texas personal injury protection benefits more than thirty (30) days after the date on which **USAA's** internal records reflect that it had received satisfactory proof of claim and (2) all persons whose first party claims **USAA** failed to accept or reject in writing within fifteen (15) business days of the date on which **USAA's** internal records reflect that it had received satisfactory proof of claim.

53. The Class specifically excludes (1) all persons whose to whom **USAA** paid personal injury protection benefits more than four (4) years prior to the filing of this action; (2) all persons who submitted a first party claim to **USAA** more than four (4) years prior to the filing of this action and (3) all persons to whom **USAA** has previously paid the 18% interest and attorney's fees required by Texas Insurance Code § 542.060.

54. The Class further specifically excludes the Judges and Magistrate Judges of the United States District Court for the Eastern District of Texas and all Justices of the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court.

## B.

## THE REQUISITES OF RULE 23(a)

55. This class of individuals is sufficiently numerous and dispersed to make individual joinder patently impractical.

56. **USAA** insures hundreds of thousands of individuals and entities across the state of Texas from whom/which it collects more than $2 billion in automobile insurance premiums each year.

57. **USAA** pays tens of thousands of first party claims — including personal injury protection claims — each year and pays hundreds of millions of dollars in first party claims.

58. Each of these claims — plus those presented and/or paid since June of 2021 — represents a potential class member who can be readily identified from an examination of **USAA's** own records.

59. Each member of the proposed Class shares an interest the Court's determination of whether and to what extent **USAA** is required to pay the 18% penalty provided by § 542.060 of the Code.

60. **BRADBERY'S** claims are typical of the claims of the Class as a whole in that she has suffered the same injury and seeks the same relief as the Class as a whole.

61. There is no conflict of interest between **BRADBERY** and the proposed Class.

62. Further, **BRADBERY** has retained qualified and competent counsel to represent the interests of the Class. FED. R. CIV. P. 23(a).

## *C.*

## **THE REQUISITES OF RULE 23(b)**

63. This case may be maintained as a class action under Rule 23(b)(3), FED. R. CIV. P., in that issues of fact and law common to the class predominate over those affecting only individual class members and a class action is a superior means of resolving this dispute.

## VIII.

## *DAMAGES*

64. On behalf of herself and the entire Class, **BRADBERY** brings this action to recover a statutory penalty of 18% of the amount of benefits belatedly paid to personal injury protection claimants, interest at the legal rate from the date the benefits became overdue and reasonable attorney's fees as provided by Texas Insurance Code § 542.060 (West 2021).

65. In addition, **BRADBERY** brings this action to recover a statutory penalty of 18% of the amount of all first party claims which **USAA** failed to accept or reject within fifteen (15) business days of the date on which **USAA's** internal records reflect that it had received satisfactory proof of claim as provided by Texas Insurance Code §§ 542.056(a), 542.060.

66. Given the scope of the class and volume of coverage written by **USAA** in the previous four (4) years, Plaintiff anticipates that the damages will greatly exceed $5 million.

***WHEREFORE, PREMISES CONSIDERED***, *AMY MEIXL BRADBERY* respectfully prays that ***UNITED SERVICES AUTOMOBILE ASSOCIATION*** and ***USAA CASUALTY INSURANCE COMPANY*** be cited to appear and answer her allegations and that, upon final hearing, they be ordered to pay all damages to which she and the Class are justly entitled, along with reasonable attorneys' fees, costs of court and such other legal or equitable remedies to which they are justly entitled.

Respectfully submitted,

By: /s/ *James Holmes*

James A. Holmes (Attorney in Charge)
State Bar No. 00784290

### THE LAW OFFICE OF JAMES HOLMES, P.C.

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@jamesholmeslaw.com

***ATTORNEY FOR PLAINTIFF***

